## JANUARY TERM, 1864.    159

Vincent et al. vs. Wellington et al., garnishees.

VINCENT and others VS. WELLINGTON and others, Garnishees.

Under sec. 50, ch. 130, R. S., the issue in a garnishee suit may be brought to trial *by either party*, upon proper notice, after the term at which judgment is obtained against the principal debtor.

If neither party moves for trial at the next term after such judgment is obtained, the garnishee is not entitled thereupon to have the action dismissed.

The court in which such action is pending, may, at its discretion, permit the plaintiff to file a traverse of the garnishee's answer after the expiration of the term next following that at which he obtains judgment against the principal debtor.

An order permitting the plaintiff to file a traverse under such circumstances, is not appealable.

APPEAL from the Circuit Court for *Manitowoc* County.

The appellants, *Wellington and others*, were garnisheed in an attachment suit against one Platt, and their answers upon examination were filed in said circuit court about the 29th of April, 1862.   On the 30th of the same month, the respondents docketed a judgment against Platt, in said action.   There was a general term of said court on the fourth Monday of October, 1862, and special terms held respectively on the second Tuesday of July, 1862, and the second Tuesday of January, 1863.   The respondents having failed to notice the garnishee action for trial at either of said terms, the appellants, at the June term of said court in 1863, moved to dismiss the proceedings against them.   Upon the hearing of that motion, the court made an order allowing the respondents to traverse the answers of the garnishees; and from this order the garnishees appealed.   The printed "case" states that "it was conceded in the court below that upon their answers the garnishees were entitled to be discharged."

*Finches, Lynde & Miller*, for appellants, contended that under sec. 50, ch. 130, R. S., the plaintiff in attachment, if dissatisfied with the answer of the garnishee, must make his issue so that it "shall be for trial at the next term after the plaintiff shall have obtained judgment against the defendant."   A party garnisheed wishes to know within some reasonable time when his liability is to cease.   The statute has therefore wisely

fixed a limit of time for the plaintiff to make his election whether he will act upon the garnishee's answer or will traverse it. Yet the plain, simple provisions of the statute have been disregarded, and the plaintiffs have been permitted, without a particle of proof, or even an affidavit excusing their gross neglect to prosecute the garnishee proceedings, to come in after the lapse of three terms of court, and, upon a motion of the garnishees to be discharged, have been permitted to start anew with the same force and effect as if they had diligently labored to press their rights according to law.

*Geo. Reed*, for respondents.

*By the Court*, COLE, J. We do not think the order permitting the plaintiff to file a traverse to the answer of the garnishee appealable. Counsel have not suggested under what clause of the appeal statute it is brought or expected to be sustained. We think it was discretionary with the circuit court whether to allow the traverse to be filed when it was, or not, quite analagous to an order granting a continuance. This is undoubtedly so, unless the position of the counsel for the appellants is sound, that the garnishee had an absolute right to have the proceeding dismissed because it was not brought to trial at the next term after the plaintiff obtained judgment against the principal defendant. In that case it might with some plausibility be argued that the order was appealable. But we do not think the statute gives the garnishee an absolute right to be discharged if the issue in the garnishee suit is not tried at the next term after judgment is recovered against the principal debtor.

The statute says, in case the plaintiff is not satisfied with the answer of the garnishee, the issue in the garnishee suit shall be for trial at the next term after the plaintiff shall have obtained judgment against the defendant. Section 50, chap. 130, R. S. By the previous section it is provided, that the affidavit required to institute the proceeding shall be deemed the com-

plaint in the action against the garnishee, and his answer taken on his examination shall be considered the answer in such action. Sec. 49. In case the plaintiff is dissatisfied with this answer, the issue thus formed shall be for trial at the next term after judgment is recovered against the principal debtor: that is, the cause may be brought to trial by either party upon proper notice after that time. The garnishee need not wait the motion of the plaintiff. It is entirely in his power, and doubtless his right, to obtain a speedy disposition of the cause by noticing it for trial and moving for judgment of discontinuance. If neither party sees fit to move the cause for trial, there is no hardship in permitting it to stand over. The statute, we think, contemplates that the issue between the plaintiff and garnishee shall be tried in the same manner as other personal actions, and be subject to the same rules of practice. The plaintiff is not necessarily the moving party. The garnishee can have the cause tried and proceeding disposed of, if he does not wish to await the action of the opposite party. This being the case, we think it was discretionary with the circuit court to allow a traverse to be filed to the answer of the garnishee, or not. For certainly the garnishee had no right to have the proceeding dismissed solely on the ground that it had not been brought to trial at the next term after the plaintiff had obtained judgment against the principal debtor. And it is upon this ground alone that he insists upon a discontinuance of the proceeding.

The appeal is therefore dismissed.